# ORIGINAL

# In the United States Court of Federal Claims

No. 15-707C
(Filed: July 10, 2015)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DIMITRIOUS STOKES,   *

                         *

          Plaintiff,   *

                         *

v.   *

                         *

THE UNITED STATES,   *

                         *

          Defendant.   *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FILED**

JUL 1 0 2015

U.S. COURT OF
FEDERAL CLAIMS

## ORDER OF DISMISSAL

On July 7, 2015, plaintiff Dimitrious Stokes, appearing pro se, filed a "complaint" in this court consisting of three documents, along with an application to proceed in forma pauperis. The first document constituting plaintiff's complaint, a brief letter dated June 29, 2015, provides:

> The additional statements are to illustrate that this Federal lawsuit is being filed according to the regulations of the Federal Tort Claims Act. The SF 95 form displays the grievance, date of the incident, and when it occurred. The picture attachment displays the date where the SF 95 form was faxed to the government agency that is subject to litigation. The agency had a period of approximately six months to respond to the complaint that was sent and has subsequently failed to respond.
>
> Regards,
> Dimitrious Stokes

The second document, dated January 29, 2015, is the front side of a completed Standard Form 95, "Claim for Damage, Injury, or Death," which is used to assert a claim under the Federal Tort Claims Act.[1] On the form, plaintiff indicates that he was injured by the Equal Employment Opportunity Commission ("EEOC") on January 14, 2015, and seeks damages for personal injury in the amount of $15,000.[2] The third document submitted by plaintiff is a photograph of a screen

---

[1] Plaintiff did not submit a copy of the reverse side of the form.

[2] Parts of this form, including the description of the basis of plaintiff's claim and the explanation of the nature and extent of plaintiff's personal injury, are illegible. However, the court's inability to read these portions of the form does not preclude it from dismissing plaintiff's

from a fax machine reflecting two transmissions to the Philadelphia, Pennsylvania EEOC office's fax number on January 29, 2015. In sum, it is clear that plaintiff is seeking relief under the Federal Tort Claims Act, ch. 753, 60 Stat. 812, 842-47 (1946) (codified as amended at 28 U.S.C. §§ 1346(b), 2401(b), 2402, 2671-2680 (2012)). As explained below, the court grants plaintiff's application to proceed in forma pauperis, but must dismiss plaintiff's complaint for lack of jurisdiction.

## I. JURISDICTION

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties or the court sua sponte may challenge the existence of subject matter jurisdiction at any time. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that the allegations in the complaint are true and construes those allegations in plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). Plaintiffs proceeding pro se are not excused from meeting basic jurisdictional requirements, id. at 799, even though the court holds their complaints to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In other words, a plaintiff proceeding pro se is not excused from his burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). Moreover, the court has no duty to create a claim where the complaint of a plaintiff proceeding pro se is so vague or confusing that one cannot be determined. Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (noting that an overly confusing or incoherent complaint "'makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation'" (quoting Vicom, Inc. v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994))).

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969).

---

complaint. As explained below, the court lacks jurisdiction over claims arising under the Federal Tort Claims Act regardless of the merits and substance of those claims.

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2012). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

As reflected in the documents submitted by plaintiff, plaintiff's complaint is based on the Federal Tort Claims Act. For that reason, plaintiff's complaint is beyond the scope of this court's jurisdiction. As noted above, the Tucker Act expressly provides that the "United States Court of Federal Claims shall have jurisdiction . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added); see also Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998) ("To the extent that . . . allegations sound in tort, the Court of Federal Claims lacks jurisdiction under the Tucker Act . . . ."). Rather, the United States district courts possess the exclusive jurisdiction to entertain tort claims against the United States. See 28 U.S.C. § 1346(b)(1); see also Wood v. United States, 961 F.2d 195, 197 (Fed. Cir. 1992) (noting that "district courts have . . . exclusive jurisdiction over tort claims for any amount if they fall within the Federal Tort Claims Act"). The Court of Federal Claims is not a district court. See Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (per curiam); Alford v. United States, 3 Cl. Ct. 229, 230 (1983).

Normally, when the court concludes that it lacks jurisdiction over the claims raised in a complaint, it considers whether the complaint should be transferred to a district court pursuant to the transfer statute, 28 U.S.C. § 1631. See Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374-75 (Fed. Cir. 2005). The transfer statute provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction,[3] the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . ., and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

---

[3] The Court of Federal Claims falls within section 610's definition of a court. See 28 U.S.C. § 610 (noting that the term "court" includes "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade").

28 U.S.C. § 1631 (footnote added). In other words, to transfer a case over which it lacks jurisdiction, the court must determine whether another court possesses jurisdiction over the claims raised in the complaint. In rendering that determination in this case, the court looks to the provisions of the Federal Tort Claims Act.

As noted above, United States district courts possess the exclusive jurisdiction to entertain claims under the Federal Tort Claims Act. However, a condition precedent to raising such a claim in the appropriate district court, a claimant must first present the claim to the appropriate federal agency and the federal agency must issue a final decision in writing denying the claim. 28 U.S.C. § 2675; 28 C.F.R. § 14.2 (2014). The federal agency has six months within which to issue its final decision. 28 U.S.C. § 2675; 28 C.F.R. § 14.9(a). The federal agency's failure to issue a final decision within six months can be considered by the claimant as a deemed denial of his claim. 28 U.S.C. § 2675.

In this case, plaintiff presents evidence reflecting that he submitted his Federal Tort Claims Act claim to the EEOC on January 29, 2015, but that he has not yet received a final decision denying his claim. Under the Federal Tort Claims Act and its implementing regulations, the EEOC has until July 29, 2015, in which to render a decision on plaintiff's claim. Thus, plaintiff is precluded by statute and regulation from filing suit in a United States district court until either July 29, 2015, or the date on which he receives written notification from the EEOC denying his claim, whichever occurs first. Because neither of these milestones has been reached, no United States district court possesses jurisdiction over plaintiff's Federal Tort Claims Act claim. Accordingly, the court declines to transfer plaintiff's complaint to a United States district court pursuant to 28 U.S.C. § 1631 because to do so would not serve the interest of justice.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff filed, concurrent with his complaint, an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, courts of the United States are permitted to waive filing fees and security under certain circumstances.[4] See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. 28

---

[4] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title twenty-eight of the United States Code, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); see also Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915).

U.S.C. § 1915(a)(1).  Here, plaintiff has satisfied all three requirements.  Accordingly, the court grants plaintiff's application and waives his filing fee.

### III. CONCLUSION

For the reasons set forth above, the court **GRANTS** plaintiff's application to proceed in forma pauperis and **DISMISSES** plaintiff's complaint for lack of subject matter jurisdiction.  No costs.  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge